IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THERON DENARD DILL,

               Plaintiff,

               v.

OFFICER MELTON E. JOHNSON,
in his individual capacity,

               Defendant.

CIVIL CASE NO.:

1:16-cv-3763-TCB

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW the parties in the above-styled civil action and present their

Joint Preliminary Report and Discovery Plan as follows:

**1.**      **Description of Case:**

(a) Describe briefly the nature of this action.

      **Plaintiff brings one claim for false arrest and one claim for excessive**

**force against Atlanta Police Officer Melton Johnson under 42 U.S.C. § 1983.**

(b) Summarize, in the space provided below, the facts of this case. The summary
should not be argumentative nor recite evidence.

      **By the Plaintiff:**

On 11 October 2014, at approximately 3:00pm, Plaintiff was walking on a sidewalk on Pryor Road in Atlanta, Fulton County, after leaving a Chevron Food Mart. At the same time, Officer Johnson was traveling north bound on Pryor Road in his police cruiser when he spotted the Plaintiff.

At some point before the encounter Officer Johnson was advised of a "criminal trespass call" regarding a "male refusing to leave the store." The 911 call taker advised Officer Johnson that the male in question was wearing a red shirt and jacket. The Plaintiff was wearing a red hoodie. Officer Johnson stopped his vehicle next to the Plaintiff, exited the vehicle and detained Plaintiff such that Plaintiff was not free to leave.

Officer Johnson did not ask the Plaintiff for his ID or ask any other questions; instead Officer Johnson became immediately hostile toward Plaintiff and pepper sprayed the Plaintiff. Before being pepper sprayed, Plaintiff did not commit any act of obstruction or resistance.

Officer Johnson then knocked the Plaintiff to the ground. Officer Johnson also pepper sprayed the Plaintiff after knocking him to the ground. After Plaintiff was on the ground, he did not resist Officer Johnson or engage in any conduct that would warrant the continued use of force.

2

Officer Johnson nevertheless repeatedly kicked and otherwise assaulted the

Plaintiff while the Plaintiff was on the ground. At no point did the

Plaintiff resist Officer Johnson. At no point during the encounter did Plaintiff

pose any threat to Officer Johnson or any other person. Officer Johnson did

not reasonably fear for his own safety or the safety of another person at any

time during the encounter with the Plaintiff.

The encounter took place in the street and there was a danger of both

Officer Johnson and the Plaintiff rolling in front of oncoming traffic as a

result of Officer Johnson's handling of the Plaintiff. Officer Johnson

handcuffed the Plaintiff and placed him under arrest.

Due to the injuries sustained at the hands of Officer Johnson another

officer (Officer Tealer) transported the Plaintiff to Grady Hospital Emergency

Room. After being discharged from Grady, Plaintiff was transported to the

City of Atlanta detention center where he remained incarcerated. As a result

of Plaintiff's arrest and the force used by Officer Johnson, Plaintiff suffered a

loss of his liberty, reputational damage, humiliation, emotional distress, and

physical pain and suffering.

**By Defendant:**

On October 11, 2014, Officer Johnson received a "be on the look-out" alert resulting from a criminal trespass call about a male who refused to leave a Chevron Food Mart located at 1917 Pryor Road, SW, Atlanta, Georgia. The perpetrator was described as a male wearing a red shirt and jacket. While driving north bound on Pryor Road, Officer Johnson saw Plaintiff walking in close proximity to the Chevron Food Mart and Plaintiff was wearing a red hoodie. Officer Johnson pulled up next to Plaintiff in his police vehicle. When Officer Johnson got out of his vehicle to ask Plaintiff questions relating to the alert, Plaintiff became combative. In order to gain control of Plaintiff, Officer Johnson deployed his Oleoresin Capsicum Spray ("OC Spray"), but Plaintiff continued to resist Officer Johnson. Officer Johnson then took Plaintiff to the ground, but Plaintiff continued to fight Officer Johnson causing Officer Johnson to deploy his OC Spray again. Eventually, Officer Johnson was able to gain control of Plaintiff and place him under arrest.

(c) The legal issues to be tried are as follows:

**By the Plaintiff:**

(1) whether Defendant violated 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution by placing Plaintiff Whitley under arrest;

4

**(2) whether Defendant violated 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution by using excessive force while arresting Plaintiff;**

**(3) whether Defendant is entitled to qualified immunity for Plaintiff's claims under 42 U.S.C. § 1983;**

**(4) the amount of damages and attorney's fees recoverable by Plaintiff.**

**<u>By Defendants:</u>**

    (1) **Whether Officer Johnson is entitled to qualified immunity from Plaintiff's federal claims?**

    (2) **Whether Officer Johnson had probable cause to arrest Plaintiff?**

    (3) **Whether Plaintiff is entitled to any damages?**

    (4) **Whether Plaintiff is entitled to any punitive damages?**

(d) The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:

        **None.**

    (2)    Previously Adjudicated Related Cases:

**City of Atlanta v. Theron Dill, Citation No. 2308101, Atlanta Municipal Court (dismissed)**

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

_____ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiffs</u>:**

> **Jeff Filipovits**
> **Georgia Bar No.: 825553**

**<u>Defendants</u>:**

> **Veronica Hoffler**
> **Georgia Bar No. 358799**

**4.    Jurisdiction:**

> Is there any question regarding this court's jurisdiction?

> _____ Yes <u>X</u> No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.     **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

     **None.**

(b) The following persons are improperly joined as parties:

     **None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

     **None.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.     **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

     **None known at this time.**

7

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties do not object to Initial Disclosures**.

**9.    Request for Scheduling Conference:**

8

Does any party request a scheduling conference with the Court? If so, please state the issues to be addressed and the position of each party.

**The parties do not request a scheduling conference.**

10.   **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties will need to conduct discovery with respect to all issues raised in the Complaint.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties will promptly notify the Court if it becomes evident that additional time will be necessary in which to conduct discovery.**

11.   **Discovery Limitation and Discovery of Electronically Stored Information:**

9

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?  **None.**

(b) Is any party seeking discovery electronically stored information?

  **X**   Yes        ____  No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties do not anticipate any electronic discovery requiring forensic type searches.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Electronic information that can be produced in PDF or paper format will be produced either via email, on a disk, or on paper.  The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original metadata information.  If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach agreement. If the Parties cannot reach agreement, they shall jointly seek guidance from the Court.  Parties agree to provide reasonable notice of the need for an**

**additional production method.  The parties have preserved all discoverable electronic matters from spoliation including all electronic communications.**

(3)  In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties will not require a scheduling conference.**

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None known at this time.**

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 5, 2016 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**

> **Counsel (signature): s/Jeffrey Filipovits**
> **with Drago Cepar participating**

**For Defendants**

> **Counsel (signature): *s/Veronica Hoffler***
> **with Camille Small-Simon participating**

11

**Counsel (signature):**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    **＿＿** A possibility of settlement before discovery.
    **_X_** A possibility of settlement after discovery.
    **＿＿** A possibility of settlement, but a conference with the judge is needed.
    **＿＿** No possibility of settlement.

(c) Counsel _X__ do or___do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**Discovery is necessary to evaluate Plaintiff's claims and Defendant's defenses.**

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a) The parties ＿＿ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20____.

(b) The parties _**X**_ do not consent to having this case tried before a magistrate judge of this court.

    This 29th day of December, 2016.

s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com


s/Jeffrey R. Filipovits
Jeffrey Filipovits
Georgia Bar no. 825553

2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341
Phone: (770) 455-1350
Fax: (770) 455-1449
jeff@law.filipovits.com

Attorneys for Plaintiffs

*/s/ Veronica L. Hoffler*
Veronica L. Hoffler
Georgia Bar No. 358799
vlhoffler@atlantaga.gov

City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
Phone: (404) 546-4100
Fax: (404) 739-3340

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2016.

_____
THE HONORABLE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN upon all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

Veronica L. Hoffler
Tamara Baines
Robert Godfrey
Camille Small-Simon

City of Atlanta Law Department
55 Trinity Avenue
Suite 5000
Atlanta, GA 30303

This 29th day of December, 2016.

s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553